**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**BRETT JONES,**

    **Plaintiff,**

vs.                                                        **No. 12-cv-0337 MV/SMV**

**JOSEPH A. TRUJILLO and**
**DOES 1–10,**

    **Defendants.**

### AMENDED ORDER TO SHOW CAUSE

THIS MATTER is before the Court sua sponte. Plaintiff has failed to follow the Federal Rules of Civil Procedure and has failed to follow orders of this Court. Accordingly, the Court will order Plaintiff to appear in person on July 3, 2012, at 9:00 a.m., in Albuquerque, New Mexico, to show cause why he should not be sanctioned pursuant to Fed. R. Civ. P. 16(f), 37, and 41(b).

Plaintiff originally filed this action in state court. Affidavit, Acknowledge and Common Law Complaint [Doc. 1-2] ("Complaint") at 2–9. Although the Complaint is nearly unintelligible, it appears to assert claims against an employee of the United States Postal Service for violation of Plaintiff's constitutional rights arising from Defendants' failure to accept Plaintiff's mailings at the rate of $0.02 per ounce and from Defendants' overcharging for mail. Complaint [Doc. 1-2] at 3, 5; *see* Notice of Removal [Doc. 1] at 1. Defendants removed the case to this Court on April 2, 2012. Notice of Removal [Doc. 1]. Defendant Trujillo, Postmaster of the United States Post Office in Belen, New Mexico, answered on April 9, 2012. Defendant's Answer to Plaintiff's Common Law Complaint [Doc. 5].

The Court issued an Initial Scheduling Order [Doc. 6] ("ISO") on April 13, 2012. Pursuant to Fed. R. Civ. P. 26, the ISO required the parties to "meet and confer" no later than May 11, 2012, and to cooperate in preparing a Joint Status Report and Provisional Discovery Plan ("JSR") for submission to the Court no later than May 18, 2012. *Id.* at 1–2. The United States filed the JSR [Doc. 13] on May 21, 2012. According to the JSR, Plaintiff failed to respond to defense counsel's efforts to meet and confer and further failed to participate in the JSR. *Id.* at 1.

The Court attempted to hold a telephonic Rule 16 scheduling conference on June 18, 2012. Clerk's Minutes [Doc. 15]. Plaintiff, however, refused to explain why he had failed to follow the Court's orders to meet and confer and to cooperate in the JSR. Instead, Plaintiff insolently demanded that the Court explain its jurisdiction and complained that defense counsel had failed to produce a power of attorney evidencing authority to represent Defendants. When the Court inquired whether Plaintiff had been receiving the Court's orders, Plaintiff indicated that he had not received correspondence from the Court with his preferred "naming on the envelope." When asked for his proper address, Plaintiff gave nothing more than his name, city, state, and zip code, all of which are consistent with the address on the docket. Plaintiff then hung up on the Court before any substantive matters could be discussed.

Because Plaintiff did not identify a different address, and because Plaintiff had notice of the hearing (as he attended it), the Court FINDS that he has been receiving the filings in this case. The Court further FINDS that Plaintiff's failure to meet and confer, failure to participate in the JSR, and refusal to attend the Rule 16 scheduling conference violates the Federal Rules of Civil Procedure and the ISO.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff appear <u>in person</u> to show cause why sanctions should not be imposed, including possible dismissal of this action, as a result of his failure to comply with the Court's orders, his failure to follow the rules of procedure, and his refusal to attend the Rule 16 scheduling conference. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992).

The show-cause hearing will be held at **9:00 a.m., on Tuesday, July 3, 2012, in the Pecos Courtroom on the third floor of the Pete V. Domenici United States Courthouse at 333 Lomas Boulevard Northwest in Albuquerque, New Mexico.  The Court encourages Plaintiff to retain counsel for this hearing.  <u>FAILURE TO APPEAR AS ORDERED MAY RESULT IN DISMISSAL WITH PREJUDICE OF THIS CASE.</u>**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**