IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRETT JONES,

    Plaintiff,
vs.                                                                           No. 12-cv-0337 MV/SMV

JOSEPH A. TRUJILLO and
DOES 1–10,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court following the show-cause hearing held on July 3, 2012. Clerk's Minutes [Doc. 27]; *see also* Amended Order to Show Cause [Doc. 18] ("Amended OTSC"). Having considered the record in this case, the relevant law, and being otherwise fully advised in the premises, the Court FINDS that Plaintiff has repeatedly failed to comply with the orders of this Court and the rules of procedure. The Court further FINDS that such failures have caused actual prejudice to Defendant,[1] that such failures have interfered with the judicial process, that Plaintiff's failures are intentional despite warnings that such failures could result in dismissal, and that lesser sanctions are not expected to be effective. Accordingly, pursuant to Federal Rules of Civil Procedure 16(f), 37(b), and 41(b), the Court RECOMMENDS that this action be DISMISSED with prejudice.

---

[1] On May 17, 2012, Defendant filed a Notice of Substitution of the United States of America as the Only Proper Party Defendant with Respect to Plaintiff's Common Law Tort Claims Against Defendant Joseph A. Trujillo [Doc. 12]. The matter is pending before the presiding district judge. Because the caption remains unchanged at this time, the Court refers to the originally named Defendant.

1

## I.  BACKGROUND

Plaintiff originally filed this action in state court.  Affidavit, Acknowledge and Common Law Complaint [Doc. 1-2] ("Complaint") at 2–9.  Although the Complaint is nearly unintelligible, it appears to assert claims against an employee of the United States Postal Service for violating Plaintiff's constitutional rights by refusing to accept Plaintiff's mailings at the rate of $0.02 per ounce.  *Id.* at 3, 5; *see* Notice of Removal [Doc. 1] at 1.  Defendant removed the case to this Court on April 2, 2012.  Notice of Removal [Doc. 1].  Defendant Trujillo, Postmaster of the United States Post Office in Belen, New Mexico, answered on April 9, 2012.  Defendant's Answer to Plaintiff's Common Law Complaint [Doc. 5].

The Court issued an Initial Scheduling Order [Doc. 6] ("ISO") on April 13, 2012.  Pursuant to Fed. R. Civ. P. 16 and 26, the ISO required the parties to "meet and confer" no later than May 11, 2012, and to cooperate in preparing a Joint Status Report and Provisional Discovery Plan ("JSR") for submission to the Court no later than May 18, 2012.  *Id.* at 1–2.  The United States filed the JSR [Doc. 13] on May 21, 2012.  Plaintiff failed to respond to defense counsel's efforts to meet and confer and further failed to participate in the JSR.  *Id.* at 1.

The Court attempted to hold a telephonic Rule 16 scheduling conference on June 18, 2012.  Clerk's Minutes [Doc. 15].  Plaintiff, however, refused to explain why he had failed to follow the Court's orders to meet and confer and to cooperate in the JSR.  *Id.*  Instead, Plaintiff insolently demanded that the Court explain its jurisdiction and complained that defense counsel had failed to produce a power of attorney evidencing authority to represent Defendant.  *Id.*  When the Court inquired whether Plaintiff had been receiving the Court's orders, Plaintiff

2

indicated that he had not received correspondence from the Court with his preferred "naming on the envelope." *Id.* When asked for his correct address, Plaintiff gave his name, city, state, and zip code, all of which are consistent with the address on the docket. *Id.* Plaintiff then hung up on the Court before any substantive matters could be discussed. *Id.*

On June 20, 2012, the Court found that Plaintiff's failure to meet and confer, failure to participate in the JSR, and refusal to attend the Rule 16 scheduling conference violated the federal and local rules of civil procedure and also violated the ISO. Amended OTSC [Doc. 18]. The Court ordered Plaintiff to appear in person to show cause why sanctions should not be imposed, including possible dismissal of the case. *Id.* (citing *Ehrenhaus v. Reynolds*, 965 F.2d 920–21 (10th Cir. 1992)). The Court expressly warned Plaintiff that: "**FAILURE TO APPEAR AS ORDERED MAY RESULT IN DISMISSAL WITH PREJUDICE OF THIS CASE**." *Id.* at 3 (emphases in original).

After the Court issued the Amended OTSC, three pieces of mail from the Court were returned by the post office. [Docs. 22, 23, 25]. Apparently, Plaintiff had "refused" them. [Docs. 22, 23, 25]. Plaintiff also filed three other documents, none of which addresses his failures to "meet and confer," participate in the JSR, or participate in the Rule 16 scheduling conference. *See* [Docs. 21, 24, 28]. Nor do they address any of the claims in his Complaint. Instead, they alternate between meaningless diatribes containing religious or legal jargon and impudent demands that the Court, Court Clerk, Defendant, and defense counsel conform to his wishes on various matters. *See* [Docs. 21, 24, 28]. Defendants have not responded to any of these filings, and none is required.

### a. June 25, 2012 Filing

First, on June 25, 2012,[2] Plaintiff filed an Affidavit, Acceptance, Acknowledgment [Doc. 21] ("June 25, 2012 Filing").  As with Plaintiff's other filings, the June 25, 2012 Filing is nearly entirely incomprehensible.  Apparently, Plaintiff—who refers to himself as "the presenter"—wants defense counsel to post some sort of bond and demands that the Court "produce a bill," a letter of credit, and a "fee assessment" in the amount of $80,000 for each order issued "upon the presenter." *Id.* at 1–3.  Furthermore, Plaintiff attempts to order the Court to show cause within 72 hours why it has not stated its jurisdiction on the record, and to show cause why "a Judge" is not handling the case.[3]  *Id.* at 3.  Plaintiff indicates that if such cause is not timely shown, the undersigned will be "in contempt of court for dishonoring the presenter who remains in honor." *Id.*

Plaintiff refers to the Amended OTSC as an "offer," which he purports to accept on the condition that the undersigned "show by law that it has jurisdiction to make such request." *Id.* He concludes that until he is satisfied, "such magistrate is hereby ordered to cease and desist from any and all such requests." *Id.* at 4.  Plaintiff then attempts to order that Defendant and the undersigned be "barred from this matter forthwith, heretofore, and henceforth." *Id.*  Finally—as at the curtailed Rule 16 conference—Plaintiff attempts to dictate that the Court and Court Clerk are "not permitted to communicate with the presenter without addressing him properly on all presentations." *Id.*  He then "command[s]" that his request be honored. *Id.*

---

[2] The date next to Plaintiff's signature is June 21, 2012.  June 25, 2012 Filing [Doc. 21] at 5.  The post mark is June 23, 2012. *Id.* at 8.  The filing was received and docketed by the Court Clerk on June 25, 2012. *Id.*

[3] Of course, this federal district court has jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1442, and the undersigned is a federal magistrate judge, whose authority arises from 28 U.S.C. § 636.

### b. June 26, 2012 Filing

Next, on June 26, 2012,[4] Plaintiff filed another document, in which he listed his address as P.O. Box 393 in Veguita, New Mexico, Untitled Document [Doc. 24] ("June 26, 2012 Filing") at 1, the same address utilized by the Court Clerk to mail correspondence to Plaintiff. Other than the address, the first five pages of the twenty-one-page filing are completely unintelligible. *See id.* at 1–5. They contain nothing more than legal-sounding gibberish. *See id.* Equally baffling is a check attached to the filing, which is payable to "the State of NM in care of Brett Jones" for $1,000,000. *Id.* at 6. Then, Plaintiff appears to request legal advice under the Freedom of Information Act. *Id.* at 7–9.

Plaintiff does at least address the Amended OTSC. *Id.* at 10–11. He "demands" that the show-cause hearing be rescheduled. *Id.* at 12. However, he expressly refuses to appear in person at any time. *Id.* Plaintiff goes on to attempt to order the Court to reschedule the in-person hearing as a telephonic conference between 9:30 a.m. and 1:30 p.m. on a Tuesday, Wednesday, or Thursday. *Id.* Lastly, he attempts to dictate the agenda of the hearing by "order[ing]" the Court to "establish jurisdiction" before any other matters are addressed. *Id.*

He asserts that the Court has no authority because he has challenged its jurisdiction. *Id.* at 10. Then, Plaintiff "apologizes to the court and not the judicial official" for "offend[ing]" the Court. *Id.* However, Plaintiff attempts to hold the Court in contempt:

> for violating the rules of the court! When the magistrate of the
> court proceeded to sit in the matter for which magistrates have
> been barred as it was demanded that this matter be heard before a

---

[4] The filing is post marked on June 21, 2012. June 26, 2012 Filing [Doc. 24] at 21. It was received by the Clerk on June 22, 2012, and docketed on June 26, 2012. *Id.*

5

>       judge ONLY, and that no magistrate preside over any proceeding
>       in this matter, THE MAGISTRATE put itself in contempt of court
>       for violating the rule of the court and the rights of the presenter!

*Id.* at 11 (emphases in original).  Plaintiff further demands that the Court state its jurisdiction in writing "within 10 days of receipt of this presentation!  If the court fails to provide the jurisdictional information as demanded it must supply its bond information for trespassing on the property of the presenter, and it is to cease and desist with any and all threats against the presenter!" *Id.* at 12–13.

Finally, Plaintiff raises what he refers to as "jurisdictional issues." *Id.* at 11.  He is under the misunderstanding that the case has been "transferred to Las Cruces," to which he objects. *Id.* He comments about his status as a "creation of the only true God Jehovah." *Id.*  He complains that the United States Attorney may not represent the United States Postal Service or its employees. *Id.* at 11–12.  "I don't need to quote the law here, you all need to quote the law and prove your rebuttal presumptive argument!" *Id.* at 12.  Plaintiff also demands that default judgment be entered in his favor. *Id.*

### c. July 3, 2012 Filing

On July 3, 2012, the Court Clerk received and docketed Plaintiff's Affadivate [sic] Acknowledgement [sic] [Doc. 28] ("July 3, 2012 Filing").  Plaintiff does not respond to the Amended OTSC in any way and, instead, "demand[s] default judgment," *id.* at 1, presents legal and religious sounding gibberish, and attempts to order the Court and the Court Clerk to manage his filings in certain ways, *id.* at 1–16.

### d. Show-Cause Hearing

The Court and defense counsel were present and ready to proceed with the show-cause hearing as scheduled on July 3, 2012.  Clerk's Minutes [Doc. 27].  Plaintiff did not appear.  *Id.*  Defense counsel confirmed that Plaintiff did not provide input for the JSR and that there has been no contact from Plaintiff.  *Id.*

## II.  ANALYSIS

Several of the Federal Rules of Civil Procedure provide authority for courts to dismiss a lawsuit as a sanction when a party fails to obey court orders or to follow the rules of procedure. For example, Rule 16(f) authorizes courts to impose sanctions, including dismissal, for a party's failure to appear at a scheduling conference or to obey a scheduling or other pretrial order. "Rule 16(f) indicates the intent to give courts very broad discretion to use sanctions where necessary to insure that lawyers and parties fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial."  *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (internal quotation marks and ellipses omitted).

Similarly, Rules 37 and 41 also authorize courts to dismiss actions.     Fed. R. Civ. P. 37(b)(2)(A)(v) allows a court to dismiss an action "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order [to meet and confer] under Rule 26(f), . . . ." Rule 41(b) authorizes dismissal "[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order."  Dismissal under Rule 41 may be on motion or sua sponte.  *Olsen v. Mapes*, 333 F.3d. 199, 1204, n.3 (10th Cir. 2003).

However, dismissal is a "drastic sanction that should be employed only as a last resort," *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009), and it is "appropriate only in cases of willful misconduct," *Ehrenhaus*, 965 F.2d at 920.  In the spirit of liberally construing the submissions of a pro se litigant, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), courts should consider whether a sanction less than dismissal may be appropriate "so that the party does not unknowingly lose its right of access to the courts because of a technical violation."  *Ehrenhaus*, 965 F.2d at 920 n.3.  Before dismissing a case, therefore, a court should consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (citations, internal quotation marks, and ellipsis omitted) (considering dismissal under Rule 37); *see also Gripe*, 312 F.3d at 1188 (applying the *Ehrenhaus* factors to dismissal under Rule 16(f)); *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2004) (applying the *Ehrenhaus* factors to dismissal under Rule 41(b)).  "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

### a. Degree of Actual Prejudice to Opposing Party

The Civil Justice Reform Act ("CJRA"), 28 U.S.C. §§ 471–82, seeks to attain two goals: (1) the reduction of costs of litigation; and (2) the expeditious resolution of litigation. Plaintiff's failures to "meet and confer," to participate in the JSR, to attend the Rule 16 scheduling conference, and to appear at the show-cause hearing have thwarted both of these CJRA goals. Defendant will now face more costs and delay in the resolution of this case. Defense counsel was compelled to reach out to Plaintiff, as ordered by the ISO—only to be ignored—and to prepare the JSR without Plaintiff's input. Furthermore, defense counsel had to make time to telephonically appear at the Rule 16 scheduling conference, which was cut short by Plaintiff's hanging-up prematurely. Defense counsel then had to clear his schedule and appear in person at the show-cause hearing. Counsel lost productive time that could have been devoted to other matters. Plaintiff's failures have prejudiced Defendant by unnecessarily increasing his costs and prolonging this litigation.

### b. Interference with the Judicial Process

Plaintiff's failures have interfered with the judicial process because resources have been squandered and because the case has been diverted from its normal progression onto a wasteful detour. Judicial resources, which could have been utilized elsewhere, were needlessly expended in preparing for the Rule 16 scheduling conference and for the show-cause hearing, as well as in researching and drafting the Amended OTSC and this Proposed Findings and Recommended Disposition.

### c. Culpability of the Litigant

Plaintiff himself is wholly at fault for his failures and for their consequent waste. He offers no excuse or explanation and attempts to shift the focus onto everyone but himself. He unapologetically refuses to heed the orders of the Court and to follow the rules of procedure. Instead, he relentlessly makes demands of the Court, the Clerk of the Court, and defense counsel and clogs the docket with nonsensical filings.

### d. Advanced Warning

At the Rule 16 scheduling conference, the Court warned Plaintiff that he may be held in contempt, to which Plaintiff responded by hanging up. Later, the Court expressly warned Plaintiff that his case may be subject to dismissal with prejudice if he failed to appear at the show-cause hearing. Despite this warning, Plaintiff announced in advance that he would not appear as ordered and that he would never appear in person. Doubtless, Plaintiff has been on notice that his case was in jeopardy of dismissal as a result of his wanton disregard for the Court and the rules.[5]

### e. Efficacy of Lesser Sanctions

Based on Plaintiff's responses to the Court's efforts to manage this case thus far, the Court does not expect any sanction less than dismissal to be effective. Plaintiff has openly and disdainfully declared that he has no intention of following the orders of the Court or the rules of procedure. His conduct and filings demonstrate that a sanction other than dismissal will not be effective.

---

[5] This will not be the first time that a case filed by Plaintiff has been dismissed for failure to follow orders of this Court. Less than one year ago, *Jones v. CNT Chartis Ins. Agency, Inc.*, No. 11-cv-0402 BB/GBW [Doc. 27], was dismissed when Plaintiff failed to comply with a Court order.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that, pursuant to Federal Rules of Civil Procedure 16(f), 37(b), and 41(b), this action be **DISMISSED with prejudice**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**