**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**BRETT JONES,**

**Plaintiff,**

**vs.** **No. 12-cv-0337 MV/SMV**

**JOSEPH A. TRUJILLO and DOES 1–10,**

**Defendants.**

**ORDER IMPOSING SANCTIONS AGAINST PLAINTIFF**

THIS MATTER is before the Court following the show-cause hearing held on July 3, 2012. Clerk's Minutes [Doc. 27]; *see also* Amended Order to Show Cause [Doc. 18] ("Amended OTSC"). Having considered the record in this case, the relevant law, and being otherwise fully advised in the premises, the Court FINDS that Plaintiff has repeatedly failed to comply with the orders of this Court and the rules of procedure. Accordingly, pursuant to Fed. R. Civ. P. 16(f) and 37(b), the Court will sanction Plaintiff in the amount of $250, to be paid to the United States of America within 30 days.

## I. BACKGROUND

Plaintiff originally filed this action in state court. Affidavit, Acknowledge and Common Law Complaint [Doc. 1-2] ("Complaint") at 2–9. Although the Complaint is nearly unintelligible, it appears to assert claims against an employee of the United States Postal Service for violating Plaintiff's constitutional rights by refusing to accept Plaintiff's mailings at the rate of $0.02 per ounce. *Id.* at 3, 5; *see* Notice of Removal [Doc. 1] at 1. Defendant removed the case to this Court on April 2, 2012. Notice of Removal [Doc. 1]. Defendant Trujillo, Postmaster

of the United States Post Office in Belen, New Mexico, answered on April 9, 2012. Defendant's Answer to Plaintiff's Common Law Complaint [Doc. 5]. Defendant is represented by Michael H. Hoses, Assistant United States Attorney. The Court takes judicial notice that Mr. Hoses is an employee of the United States.

The Court issued an Initial Scheduling Order [Doc. 6] ("ISO") on April 13, 2012. Pursuant to Fed. R. Civ. P. 16 and 26, the ISO required the parties to "meet and confer" no later than May 11, 2012, and to cooperate in preparing a Joint Status Report and Provisional Discovery Plan ("JSR") for submission to the Court no later than May 18, 2012. *Id.* at 1–2. Defendant filed the JSR [Doc. 13] on May 21, 2012. Plaintiff failed to respond to defense counsel's efforts to meet and confer and further failed to participate in the JSR. *Id.* at 1.

The Court attempted to hold a telephonic Rule 16 scheduling conference on June 18, 2012. Clerk's Minutes [Doc. 15]. Plaintiff, however, refused to explain why he had failed to follow the Court's orders to meet and confer and to cooperate in the JSR. *Id.* Instead, Plaintiff insolently demanded that the Court explain its jurisdiction and complained that defense counsel had failed to produce a power of attorney evidencing authority to represent Defendant. *Id.* When the Court inquired whether Plaintiff had been receiving the Court's orders, Plaintiff indicated that he had not received correspondence from the Court with his preferred "naming on the envelope." *Id.* When asked for his correct address, Plaintiff gave his name, city, state, and zip code, all of which are consistent with the address on the docket. *Id.* Plaintiff then hung up on the Court before any substantive matters could be discussed. *Id.*

On June 20, 2012, the Court found that Plaintiff's failure to meet and confer, failure to participate in the JSR, and refusal to attend the Rule 16 scheduling conference violated the federal and local rules of civil procedure and also violated the ISO. Amended OTSC [Doc. 18]. The Court ordered Plaintiff to appear in person to show cause why sanctions should not be imposed, including possible dismissal of the case. *Id.* (citing *Ehrenhaus v. Reynolds*, 965 F.2d 920–21 (10th Cir. 1992)). The Court expressly warned Plaintiff that: "**FAILURE TO APPEAR AS ORDERED MAY RESULT IN DISMISSAL WITH PREJUDICE OF THIS CASE**." *Id.* at 3 (emphases in original).

After the Court issued the Amended OTSC, three pieces of mail from the Court were returned by the post office. [Docs. 22, 23, 25]. Apparently, Plaintiff had "refused" them. [Docs. 22, 23, 25]. Plaintiff also filed three other documents, none of which addresses his failures to "meet and confer," participate in the JSR, or participate in the Rule 16 scheduling conference. *See* [Docs. 21, 24, 28]. Nor do they address any of the claims in his Complaint. Instead, they alternate between meaningless diatribes containing religious or legal jargon and impudent demands that the Court, Court Clerk, Defendant, and defense counsel conform to his wishes on various matters. *See* [Docs. 21, 24, 28]. Defendants have not responded to any of these filings, and none is required.

### a. June 25, 2012 Filing

First, on June 25, 2012,[1] Plaintiff filed an Affidavit, Acceptance, Acknowledgment [Doc. 21] ("June 25, 2012 Filing"). As with Plaintiff's other filings, the June 25, 2012 Filing is

[1] The date next to Plaintiff's signature is June 21, 2012. June 25, 2012 Filing [Doc. 21] at 5. The post mark is June 23, 2012. *Id.* at 8. The filing was received and docketed by the Court Clerk on June 25, 2012. *Id.*

nearly entirely incomprehensible. Apparently, Plaintiff—who refers to himself as "the presenter"—wants defense counsel to post some sort of bond and demands that the Court "produce a bill," a letter of credit, and a "fee assessment" in the amount of $80,000 for each order issued "upon the presenter." *Id.* at 1–3. Furthermore, Plaintiff attempts to order the Court to show cause within 72 hours why it has not stated its jurisdiction on the record, and to show cause why "a Judge" is not handling the case.[2] *Id.* at 3. Plaintiff indicates that if such cause is not timely shown, the undersigned will be "in contempt of court for dishonoring the presenter who remains in honor." *Id.*

Plaintiff refers to the Amended OTSC as an "offer," which he purports to accept on the condition that the undersigned "show by law that it has jurisdiction to make such request." *Id.* He concludes that until he is satisfied, "such magistrate is hereby ordered to cease and desist from any and all such requests." *Id.* at 4. Plaintiff then attempts to order that Defendant and the undersigned be "barred from this matter forthwith, heretofore, and henceforth." *Id.* Finally—as at the curtailed Rule 16 conference—Plaintiff attempts to dictate that the Court and Court Clerk are "not permitted to communicate with the presenter without addressing him properly on all presentations." *Id.* He then "command[s]" that his request be honored. *Id.*

---

[2] Of course, this federal district court has jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1442, and the undersigned is a federal magistrate judge, whose authority arises from 28 U.S.C. § 636.

**b. June 26, 2012 Filing**

Next, on June 26, 2012,[3] Plaintiff filed another document, in which he listed his address as P.O. Box 393 in Veguita, New Mexico, Untitled Document [Doc. 24] ("June 26, 2012 Filing") at 1, the same address utilized by the Court Clerk to mail correspondence to Plaintiff. Other than the address, the first five pages of the twenty-one-page filing are completely unintelligible. *See id.* at 1–5. They contain nothing more than legal-sounding gibberish. *See id.* Equally baffling is a check attached to the filing, which is payable to "the State of NM in care of Brett Jones" for $1,000,000. *Id.* at 6.

Plaintiff does at least address the Amended OTSC, albeit indirectly. *Id.* at 10–11. He "demands" that the show-cause hearing be rescheduled. *Id.* at 12. However, he expressly refuses to appear in person at any time. *Id.* Plaintiff goes on to attempt to order the Court to reschedule the in-person hearing as a telephonic conference between 9:30 a.m. and 1:30 p.m. on a Tuesday, Wednesday, or Thursday. *Id.* Lastly, he attempts to dictate the agenda of the hearing by "order[ing]" the Court to "establish jurisdiction" before any other matters are addressed. *Id.*

He asserts that the Court has no authority because he has challenged its jurisdiction. *Id.* at 10. Then, Plaintiff "apologizes to the court and not the judicial official" for "offend[ing]" the Court. *Id.* However, Plaintiff attempts to hold the Court in contempt:

> for violating the rules of the court! When the magistrate of the court proceeded to sit in the matter for which magistrates have been barred as it was demanded that this matter be heard before a judge ONLY, and that no magistrate preside over any proceeding

[3] The filing is post marked on June 21, 2012. June 26, 2012 Filing [Doc. 24] at 21. It was received by the Clerk on June 22, 2012, and docketed on June 26, 2012. *Id.*

> in this matter, THE MAGISTRATE put itself in contempt of court for violating the rule of the court and the rights of the presenter!

*Id.* at 11 (emphases in original). Plaintiff further demands that the Court state its jurisdiction in writing "within 10 days of receipt of this presentation! If the court fails to provide the jurisdictional information as demanded it must supply its bond information for trespassing on the property of the presenter, and it is to cease and desist with any and all threats against the presenter!" *Id.* at 12–13.

Finally, Plaintiff raises what he refers to as "jurisdictional issues." *Id.* at 11. He is under the misunderstanding that the case has been "transferred to Las Cruces," to which he objects. *Id.* He comments about his status as a "creation of the only true God Jehovah." *Id.* He complains that the United States Attorney may not represent the United States Postal Service or its employees. *Id.* at 11–12. "I don't need to quote the law here, you all need to quote the law and prove your rebuttal presumptive argument!" *Id.* at 12. Plaintiff also demands that default judgment be entered in his favor. *Id.*

**c. <u>July 3, 2012 Filing</u>**

On July 3, 2012, the Court Clerk received and docketed Plaintiff's Affadavate [sic] Acknowledgement [sic] [Doc. 28] ("July 3, 2012 Filing"). Plaintiff does not respond to the Amended OTSC in any way and, instead, "demand[s] default judgment," *id.* at 1, presents legal and religious sounding gibberish, and attempts to order the Court and the Court Clerk to manage his filings in certain ways, *id.* at 1–16.

**d. Show-Cause Hearing**

The Court and defense counsel were present and ready to proceed with the show-cause hearing as scheduled on July 3, 2012. Clerk's Minutes [Doc. 27]. Plaintiff did not appear. *Id.* Defense counsel confirmed that Plaintiff did not provide input for the JSR and that there has been no contact from Plaintiff. *Id.*

## II. ANALYSIS

"Instead of or in addition to any other sanction, the court *must* order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added). Similarly, Rule 37(b) mandates the award of reasonable expenses, including attorney's fees, caused by the disobedient party's failures. The Rules notwithstanding, courts have inherent power to impose sanctions, including reasonable expenses and attorney fees. *E.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Bradley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987).

In its Proposed Findings and Recommended Disposition [Doc. 29] ("PF&RD"), the Court has found that Plaintiff is subject to sanctions under Fed. R. Civ. P. 16(f), 37(b), and 41(b). Because Plaintiff is subject to sanctions under Rules 16(f) and 37(b), and because no other circumstances make an award of expenses unjust, the Court must order that Plaintiff pay Defendant's reasonable expenses that flow from Plaintiff's conduct. Moreover, the Court finds that an award of expenses is appropriate in this case, irrespective of the Rules' mandate.

Therefore, the Court will order Plaintiff to pay $250 as the reasonable expenses, including attorney's fees, for Plaintiff's failures to "meet and confer," participate in the JSR, participate in the Rule 16 scheduling conference, as well as for the expenses necessitated by the show-cause hearing, which Plaintiff did not attend.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff is sanctioned under Rules 16(f) and 37(b). **Plaintiff shall pay $250 to the United States of America no later than August 10, 2012.**

**IT IS SO ORDERED.**

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**